The opinion of the Court was delivered by
Glover, J.
The motion for a nonsuit is renewed in this Court on two grounds, 1st. That there was no proof of a judgment against the defendant, as surety for costs, in the case of Ward vs. Stuckey, and 2d. That no rule was served upon him to show cause why an execution should not issue for the costs.
1. The 74th Hule of Court directs, that whenever the plaintiff shall be required to give security for costs, his surety shall acknowledge himself liable for the costs of the case, and shall consent that, if the plaintiff fail to recover, the defendant may have execution for his costs against him, (Miller’s Comp. 44.) The Act of 1839, adopting the form prescribed by the rule of Court directs that the clerk shall “ witness the signature of the surety and judge of the sufficiency of the security.” (11 Stat. 39, sec. 22.) When the surety acknowledges his liability on the record, he thereby becomes a party to it, with the plaintiff, anda judgment against the plaintiff for the costs, in the event of his failing to recover, is also a judgment against the surety, (Nolly vs. Squire & Kirkley, 1 Hill, 41.) The execution which he consents shall be issued against him must be predicated of any judgment against the plaintiff for costs that may be rendered on the record to which he has in that contingency, consented to become a party. Without a judgment there would be no evidence of *277 any determination of the Court requiring execution, and the ft. fa. issued against the surety by his consent would be nugatory. The liability assumed by the surety is that of a party to a suit and does not require another action to enforce it. The judgment in the case of Ward vs. Stuckey, it is admitted, does not include the defendant Crosswell, and in that respect is defective; but as such defect is only in point of form, it may be amended like any other misprision of the clerk.
2. It is insisted that a rule should have been served upon the surety before the execution was issued. The language in which his consent is given waives any notice, and the practice recognized in Nolly vs. Squire & Kirkley, has been superseded by the 74th Rule of Court. To serve a rule upon a party to show cause why an execution should not issue when he had before consented, on the very contingency which has happened, that it shall issue, would be a nugatory act.
The several grounds in support of a new trial may be reduced to three: 1. That there was no satisfactory proof of the location of the land. 2. That the sheriff’s entries on the execution and in his book are inconsistent with the recitals in his deed to the plaintiff, and 3. That the conveyance of this land from Burrell Shurley to A. G. Cros'swell in trust for his sons, was admissible in evidence to show title in other persons.
1. Whether the evidence offered was sufficient to establish the identity of the land is answered by the verdict; and although questions of location are, in some degree, under the control of the Court, there was evidence which may have reasonably satisfied the jury that Wingate’s survey was correct, or that aided by his evidence, they were enabled to define the land purchased by the plaintiff. Besides, some indulgence must be extended to one claiming under a *278 sheriff’s deed, which is seldom definite in description. The sheriff necessarily relies upon the defendant in execution for the means to describe the land, and he, generally, more readily contracts the debt than aids in its collection.
2. Where no fraud is imputed, a purchaser may safely rely upon the sheriff’s deed, reciting a compliance with those preliminary official duties which is requisite to give it effect. The performance of his duty in making a levy, advertising and selling under an execution, will generally be presumed from his deed conveying the property. Where the recitals in a sheriff’s deed show the entry of the ft. fa. in his office, and a regular levy and sale under it, such recitals will not be contradicted by dates inconsistent with them on the ft. fa. and in the sheriff’s books and thereby defeat his deed; (Turner vs. McCrea, 1 N. & McC. 11; Manning vs. Dove, 10 Rich. 395.)
3. In a sale of his land by virtue of an execution, the sheriff acts as the defendant’s agent to effect it, and the sheriff’s title is conclusive between the purchaser and the parties to the suit, and those claiming under them; (Toomer vs. Puckey, 1 Mill. 325.) The defendant cannot show title in a third person to defeat his own title, which by operation of the sheriff’s deed is in the plaintiff. If he be the tenant of another, his landlord should have entered himself as the defendant in the suit by rule of Court.
The motions for nonsuit and new trial are dismissed.
O’Neall, Wardlaw, Withers, Whitner, and Monro, JJ., concurred.

Motion dismissed.